**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JARED MICHAEL WILLIQUETTE,**

      **Plaintiff,**

      **v.**                                    **Case No. 26-C-686**

**ERIC WINDELL, BENJAMIN NEUENS,**
**FLORENCE COUNTY DISTRICT**
**ATTORNEY'S OFFICE, FLORENCE COUNTY**
**SHERIFF'S OFFICE, and FLORENCE COUNTY,**
**WISCONSIN,**

      **Defendants.**

---

### SCREENING ORDER[1]

---

Plaintiff Jared Michael Williquette, proceeding pro se, brought this action against Officer Eric Windell, Officer Benjamin Neuens, Florence County District Attorney's Office, Florence County Sheriff's Office, and Florence County, Wisconsin. Plaintiff paid the full filing fee for this action on April 20, 2026.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Hoskins*, 320 F.3d at 763. Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of *pro se* complaints by the court would seem

---

[1] Document replaced with lightly edited and corrected version.

an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763.

When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8. The Supreme Court has held that, for most cases, a plaintiff must offer something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, before the doors to expensive and time-consuming discovery will be opened. To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiff alleges that, on the evening of May 7, 2023, Officers Eric Windell and Benjamin Neuens of the Florence County Sheriff's Office arrived at Plaintiff's residence in Florence, Wisconsin. Plaintiff asked three separate times if he was under arrest, and the officers refused to answer. Officer Windell then pulled Plaintiff off the steps of his residence, even though he knew Plaintiff was a disabled individual. Plaintiff asserts that the assault occurred without warning or provocation. He contends that the officers' actions resulted in degenerative and permanent injury to Plaintiff, including seven broken ribs, a broken foot, a winged scapula, a torn labrum, a partial rotator cuff tear, and traumatic spinal injuries. Compl. at 4, Dkt. No. 1.

2

Plaintiff contends that, after the incident, the Florence County District Attorney's Office and the Sheriff's Office conspired to deprive Plaintiff of his constitutional rights by dismissing the charges against Plaintiff, after almost a year of "trying to coerce [Plaintiff] into pleading guilty with threats of worse charges and longer imprisonment." *Id.* He asserts that the charges were dismissed so that the facts regarding Plaintiff's interaction with Officers Windell and Neuens would not be heard by a jury. *Id.*

Plaintiff seeks monetary damages to compensate him for his permanent injuries, pain and suffering, medical costs, lost wages, and violations of his rights. He requests a "review of the hiring and training practices of the Florence County Sheriff's Office and the pattern and practice of the denial of civil rights within the county." *Id.* at 6. He also requests a review of the Office of the Sheriff and the District Attorney's Office's operations and any personal relationships, conflict of interest, bias, and discrimination. *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Officers Windell and Neuens used excessive force against him on May 7, 2023. A claim that police officers used excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). To state a claim, a plaintiff must allege that an officer's actions were objectively unreasonable in light of the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he . . . actively resist[ed] arrest or attempt[ed] to evade arrest by

3

flight." *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Plaintiff alleges that Officer Windell pulled him off the steps of his residence without warning or provocation and that the officers' actions resulted in degenerative and permanent injury to Plaintiff, including seven broken ribs, a broken foot, a winged scapula, a torn labrum, a partial rotator cuff tear, and traumatic spinal injuries. Based on these allegations, Plaintiff may proceed on a Fourth Amendment excessive force claim against Officers Windell and Neuens.

Plaintiff also asserts that the officers violated 18 U.S.C. §§ 241 and 242. But these criminal statutes do not create a private right of action to assert a claim against Officers Windell and Neuens. *See Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action.").

In addition, Plaintiff does not state a claim against the Florence County Sheriff's Office or the Florence County District Attorney's Office. Neither the Sheriff's Office nor the District Attorney's Office are suable entities under § 1983. Section 1983 applies to persons, and the Sheriff's Office and the District Attorney's Office are not persons within the meaning of § 1983. *See Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999).

Plaintiff also names Florence County as a defendant. A municipality is not liable under 42 U.S.C. § 1983 based solely on a theory of *respondeat superior* (failure to supervise). *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff must allege that the municipality had a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers" that violated his constitutional rights. *Id.* at 690. The official policy requirement "distinguish[es] between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647,

4

654 (7th Cir. 2021). Failure to train may constitute an official custom or policy for purposes of liability under § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom [the officers] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers." *Id.* at 388–89. "[O]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can [the municipality] be liable for such a failure under § 1983." *Id.* Here, Plaintiff requests a "review of the hiring and training practices of the Florence County Sheriff's Office and the pattern and practice of the denial of civil rights within the county." Compl. at 6. He does not allege that Officers Windell and Neuens acted in accordance with a county policy or that a failure to train reflected a deliberate choice by policymakers to follow a certain course of action. Accordingly, Plaintiff has failed to state a *Monell* claim against Florence County.

**IT IS THEREFORE ORDERED** that Defendants Florence County District Attorney's Office, Florence County Sheriff's Office, and Florence County, Wisconsin are **TERMINATED** as defendants from the case.

Plaintiff must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this <u>23rd</u> day of April, 2026.

William C. Griesbach
United States District Judge

5