UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JARED MICHAEL WILLIQUETTE,**

**Plaintiff,**

**v.** **Case No. 26-C-686**

**ERIC WINDELL and**
**BENJAMIN NEUENS,**

**Defendants.**

---

**DECISION AND ORDER**

---

Plaintiff Jared Williquette, proceeding *pro se*, filed this 42 U.S.C. § 1983 against Defendants Eric Windell and Benjamin Neuens alleging that they used excessive force to effectuate an unlawful arrest in violation of the Fourth Amendment. This matter comes before the Court on three motions submitted by Plaintiff: a motion for leave to file a second amended complaint (SAC), a motion to stay the proceedings, and a motion for a preliminary injunction.

**A. Motion for leave to file second amended complaint**

Plaintiff moves for leave to file a second amended complaint, seeking to add new allegations regarding a 2026 incident involving the Florence County Sheriff's Office. Plaintiff's original complaint has been narrowed to two claims against Florence County Sheriff's Office deputies Eric Windell and Benjamin Neuens—claims for excessive force and unlawful arrest in violation of the Fourth Amendment. The incident leading to these claims occurred on May 7, 2023. The SAC Plaintiff now seeks leave to file includes four new defendants, a factual narrative involving an entirely different incident involving the Florence County Sheriff's office, and an additional ten claims under a variety of federal laws. The new incident occurred on June 2, 2026

and involved three different officers. Like the prior incident, Plaintiff alleges there was a physical encounter between himself and the officers which resulted in a violation of his civil rights.

Rule 15(a) of the Federal Rules of Civil Procedure states that the court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a motion to amend under Rule 15(a) should be denied if amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If joinder is improper under Rule 20, then amending the complaint would be futile and should be denied under Rule 15(a)." *Scatchell v. Vill. of Melrose Park*, No. 18-CV-3989, 2019 WL 13083434, *1 (N.D. Ill. Aug. 7, 2019).

Rule 20(a)(2) allows the joinder of claims "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). In other words, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Courts utilize a case-by-case approach to determine whether joinder under Rule 20 is appropriate. *Thomas v. Chestnutt Hill Apartments*, No. 10-C-328, 2010 WL 4806990, *1 (E.D. Wis. Nov. 22, 2010). "Factors to consider include whether the alleged conduct occurred during the same general time period, involved the same people and similar conduct, and implicated a system of decision-making or widely-held policy . . . ." *Wilson v. Peslak*, No. 04-C-2345, 2005 WL 1227316, *2 (N.D. Ill. May 12, 2005) (internal quotation marks and citations omitted).

Plaintiff's claims do not satisfy the Rule 20 joinder requirement of arising out of the same transaction or occurrence. The two incidents which serve as the basis for Plaintiff's claims occurred over three years apart, involved different police officers, and did not implicate any overarching policy of police misconduct. These facts make joinder in this case improper. True, the Florence County Sheriff's Office and its deputies were involved in both incidents, but that fact alone does not satisfy Rule 20. *See Fortney v. Schultz*, No. 09-CV-192-SLC, 2009 WL 2341540,

*3 (W.D. Wis. July 28, 2009) ("It is not enough that all the bad things alleged by plaintiff were done at the same institution by employees of the institution."). The only other connection between the two incidents is that Plaintiff's behavior during the June 2, 2026 incident may have been motivated by his prior interactions with the Florence County Sheriff's Department. But that is not enough to show that the claims are logically related. *Compare Thomas*, 2010 WL 4806990 at *2 (finding joinder of various police officers appropriate where an allegedly illegal search and seizure was undertaken to destroy other unlawfully obtained evidence), *and Crossley v. Dart*, No. 19-CV-8263, 2022 WL 444114, *2 (N.D. Ill. Feb. 14, 2022) (holding that joinder was appropriate where the two officers sought to be joined as defendants in the same suit "engaged in excessive force within the same day and in a pattern or practice that violate[d] [the plaintiff's] civil rights" and "the Complaint [made] clear that had one set of officers not engaged in misconduct and excessive force, [the other officer] would not have . . . been in a position to use the alleged excessive force"), *with Fondren v. Hoy*, No. 25-CV-1942, 2026 WL 114951, *2 (E.D. Wis. Jan. 15, 2026) (rejecting Plaintiff's argument that his claims could be joined because "the claims involve[d] distinct incidents that occurred on different days over the course of one year and involve[d] a different core set of defendants"), *and Scatchell*, 2019 WL 13083434 at *3 (concluding joinder of various police officers was inappropriate when the "allegations involve[d] different time periods, different culpable actors, and different . . . actions and results").

Plaintiff argues that his claims are properly joined because the later events were "retaliatory" and "part of a continuing pattern." Dkt. No. 29 ¶ 10. This theory also does not support joinder. Plaintiff's proposed SAC claims there were two *different* civil conspiracies, one involving the May 7, 2023 incident including Eric Windell and Benjamin Neuens, and another involving the June 2, 2026 incident involving TJ Peterson and Tyler Parr. Dkt. No. 18-1 ¶¶ 61–

62, 75–76. Plaintiff's other claims are also separated by incident. *Id.* ¶¶ 46–98. Even the proposed *Monell* / supervisory liability claim is limited to the ratification of Eric Windell and Benjamin Neuens's actions with regard to the 2023 incident. *Id.* ¶¶ 92–98. Therefore, Plaintiff's own allegations do support any inference that the June 2026 events were related to the May 2023 incident. In other words, the complaint "does not allege that . . . defendants coordinated their actions or otherwise acted pursuant to a common plan or scheme" and therefore "this alleged pattern of retaliation cannot serve as the transactional link between plaintiff's claims." *Goodvine v. Ericksen*, No. 09-C-0317, 2010 WL 5300528, *1 (E.D. Wis. Dec. 17, 2010).

Because joinder of the additional claims and defendants would be improper under Rule 20, amendment of the complaint would be futile. The Court therefore denies Plaintiff's motion for leave to file his proposed SAC. To be clear, however, Plaintiff may choose to pursue the claims he sought to file in this action in another separate lawsuit. If he does, the Court will screen that complaint just as it did in this case, and the merits of the case will be assessed entirely separate from the merits of this one.

**B. Motion to stay**

Plaintiff also requests that the Court stay these civil proceedings pending the final resolution of criminal proceedings brought against him in Florence County. Plaintiff is currently a defendant in two criminal actions in Florence County. The first charges him with misdemeanor bail jumping and felony false reporting of an emergency. *State v. Jared Michael Williquette*, Florence County Case No. 2026CF21. The second charges him with a misdemeanor for making a false 9-1-1 call. *State v. Jared Michael Williquette*, Florence County Case No. 2026CM10. The criminal complaints for both of these actions detail events occurring in the spring of 2026, nearly three years after the alleged 2023 incident with deputies Eric Windell and Benjamin Neuens. *See*

Dkt. Nos. 25-1, 25-2. The complaints do reference the 2023 incident because Plaintiff repeatedly referred to it during his interactions with law enforcement. Because of these criminal proceedings, Plaintiff seeks a stay of this case.

"It is well-established that a court may stay civil proceedings when, as a result of related criminal proceedings, substantial and irreparable prejudice would result absent a stay." *Barnes v. Clarke*, No. 17-CV-355, 2018 WL 7267872, *4 (E.D. Wis. May 4, 2018) (internal quotation marks and citations omitted). The risk of prejudice that might result is the possible implication of an individual's right not to incriminate himself. *Id.* A party should not be "forced to choose between preserving his right against self-incrimination or fully defending the civil action." *Est. of Swayzer v. Armor Corr. Health Servs., Inc.*, No. 16-CV-1703, 2018 WL 1535953, *2 (E.D. Wis. Mar. 29, 2018). However, "a [party] is not automatically entitled to a stay merely because the civil case stands to undercut his privilege against self-incrimination." *Id.* Granting a stay is the exception, not the rule, and it is appropriate only in special circumstances. *Id.*

Here, because the Court denied leave to amend the complaint, the subject matter of the two cases is distinct. The pending criminal charges relate to the June 2, 2026 incident, while this civil action deals solely with the events that occurred on May 7, 2023. Because of the lapse in time between the two events and their different factual underpinnings, it is difficult to see how discovery and proceedings in this action would pose any threat to Plaintiff's Fifth Amendment privilege in the criminal actions. This is not the type of special circumstance that warrants a stay.

The Court finds that Plaintiff's concerns about the privilege against self-incrimination are insufficient to merit a stay at this time. If, at a later date, the Plaintiff believes his Fifth Amendment right is at risk, he may renew his motion. If he does, he should be specific about the risk he faces in the pending criminal matter and how that relates to the civil action pending before the Court.

**C. Motion for preliminary injunction**

Plaintiff's final motion asks the Court to enter a preliminary injunction. More specifically, Plaintiff requests the following relief:

> 1. Enjoining and Restraining Defendants, their officers, agents, and employees from engaging in acts of physical force, retaliation, unlawful stops, harassment, or intimidation against Plaintiff during the pendency of this litigation;
>
> 2. Directing the Florence County Sheriff's Office to provide advance notification to state law enforcement or neutral third-party agencies prior to executing any non-emergency law enforcement actions involving Plaintiff;
>
> 3. Waiving the security bond requirement under Fed. R. Civ. P. 65(c) due to Plaintiff's indigency and the constitutional nature of the rights asserted; and
>
> 4. Granting such other and further relief as this Court deems just and proper.

Dkt. No. 19 at 3. The first paragraph of Plaintiff's motion specifically seeks a preliminary injunction against "Florence County Sheriff's Office, and their agents, employees, and officers." *Id.* at 1.

Plaintiff's motion will be denied. Rule 65 requires that an injunction "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). These requirements "spare[] courts and litigants from struggling over an injunction's scope and meaning by informing those who are enjoined of the specific conduct regulated by the injunction and subject to contempt." *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 415 (7th Cir. 2008) (internal quotation marks and citation omitted). The injunction Plaintiff proposes, however, is not specific or detailed. Instead, it attempts to prohibit Florence County Sheriff's Office from engaging in a large swath of activity, some of which may well be necessary to carry out lawful, legitimate law enforcement functions.

Plaintiff has also failed to meet his burden of establishing the four requirements for a preliminary injunction to issue: (1) likelihood of success on the merits, (2) irreparable harm, (3) the balance of equities, and (4) the public interest. *Bevis v. City of Naperville, Ill.*, 85 F.4th 1175, 1188 (7th Cir. 2023). A party must make a "strong" showing of a likelihood of success on the merits. Though not requiring proof by a preponderance of the evidence, "it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). Plaintiff has not done so here. He states that the "original complaint and supporting affidavits establish clear Fourth and Fourteenth Amendment violations." Dkt. No. 19 at 2. He also claims that "[t]he physical evidence, medical records, photographic documentation, and third-party witness statements substantiate that the force used was objectively unreasonable . . . ." *Id.* Despite this claim, he attaches no evidence, records, documentation, or affidavits to his motion. These bare assertions are not enough to show a likelihood of success on the merits. The Court therefore denies Plaintiff's motion for a preliminary injunction. *AM Gen. Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 830 (7th Cir. 2002) ("That [the movant] has shown no likelihood of success on the merits is reason enough to deny the motion for preliminary injunction without further discussion.").

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 18) is **DENIED**, Plaintiff's motion to stay proceedings (Dkt. No. 17) is **DENIED**, and Plaintiff's motion for a preliminary injunction (Dkt. No. 19) is **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of October, 2026.

William C. Griesbach
United States District Judge